# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID R. BRASWELL | § | |
| | § | |
| v. | § | Case No. 4:14cv50 |
| | § | Judge Mazzant |
| JAMES WATERS, Chief of Police, | § | |
| and PRINCETON TEXAS POLICE | § | |
| DEPARTMENT | § | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is Defendants' Third Motion to Dismiss (Dkt. #19). Having considered the relevant pleadings, the Court finds that the motion to dismiss should be granted.

## BACKGROUND

On March 13, 2012, City of Princeton, Texas police officers were investigating an allegation that someone had fired shots at children. After interrogation, Plaintiff was arrested for public intoxication. Plaintiff pleaded "no contest" to the public intoxication charge and paid a fine. Plaintiff has now brought an action against the Princeton Police Department[2] and James Waters ("Waters"), police chief for the City of Princeton, asserting state tort claims and claims under 42 U.S.C. § 1983.

On October 1, 2014, Defendants filed a motion to dismiss (Dkt. #19). No response was filed.

---

[1] On November 7, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the United States District Judge, and this memorandum opinion and order is issued accordingly.

[2] The police department is a department of the City of Princeton and has no corporate status or legal existence under the laws of the State of Texas, and is merely a budgetary and organizational unit of the City of Princeton. *See Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (citing *Johnson v. Kegans*, 870 F.2d 992, 998 n. 5 (5th Cir. 1989); *Watson v. Wintle-Newell*, 3:06-CV-323, 2006 WL 3044477, at *2 (S.D. Tex. 2006); *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313-14 (5th Cir. 1991). Although not raised by the parties, the Court will consider Plaintiff's claims against the City of Princeton.

## LEGAL STANDARD

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the pleadings." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider

documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## DISCUSSION AND ANALYSIS

Plaintiff alleges the following four claims against Defendants: (1) a cause of action under 42 U.S.C. §1983 for violation of Plaintiff's Fourth Amendment rights; (2) a claim for false arrest under 42 U.S.C. §1983; (3) a state tort claim for intentional infliction of emotional distress; and (4) a state tort claim for negligence.

On October 1, 2014, Defendants filed a motion to dismiss (Dkt. #19). No response was filed.

Local Rule CV-7(d) provides as follows:

> **Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. **In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.** (Emphasis added).

Plaintiff has not filed a response. Since Plaintiff has not filed a response, the Court will assume that he is not opposed to the Court's granting Defendants' motion to dismiss.

Furthermore, a review of Defendants' motion illustrates that Plaintiff has no plausible claims against Defendants. Plaintiff's claims under 42 U.S.C. §1983 for false arrest and wrongful search and seizure are barred by Plaintiff's plea of "no contest" to the public intoxication charge, which arose out of the incident at issue. *See Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* involved a lawsuit filed pursuant to section 1983 in which a finding in the plaintiff's favor would have implied that a state criminal conviction was invalid. *Heck*, 512 U.S. at 487. As a result, when damages are

sought in a civil rights lawsuit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. *Id*. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. If, however, the Court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the conviction or sentence, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id*.

Plaintiff has not alleged, and cannot allege, that the conviction has not been reversed on appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. Plaintiff has not denied his conviction, but has instead stated that he was not aware that his no-contest plea could affect the present case. Therefore, Plaintiff's claims would be barred under the United States Supreme Court's doctrine set forth in *Heck*.

In addition, Plaintiff has not alleged facts that would give rise to liability for the Princeton Police Department under 42 U.S.C. § 1983. "[R]espondeat superior does not apply to municipalities for claims under § 1983." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)). In order to hold Defendant liable under Section 1983, Plaintiff must establish that the "execution of [the City's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. "The plaintiff can prove the existence of a municipal policy through, *inter alia*, the actions of the municipality's legislative body or an individual with final decision making authority." *Id*. "The plaintiff can also prove the existence of a municipal custom by pointing to a 'persistent, widespread practice of city officials or employees, which, although not authorized by officially

5

adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Id*. In other words, to prove a policy or practice that violates, a plaintiff must show "(1) the local government or official promulgated a policy; (2) the decision displayed 'deliberate indifference' and proved the government's culpability; and (3) the policy decision lead to the particular injury." *In re Foust*, 310 F.3d 849, 861 (5th Cir. 2002); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff does not identify or describe any specific policy or custom of the police department that inflicted an injury on Plaintiff. Plaintiff does not identify any particular custom or policy of the police department upon which Plaintiff seeks to impose liability. Plaintiff does not assert that the actions taken by the Defendants were a widespread custom followed by every employee in the police department. In the opinion of the Court, these allegations are simply conclusory and do not provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. There are no specific factual allegations regarding any conduct on the part of any City employee to reveal a "persistent, widespread practice." *Deville*, 567 F.3d at 170.

"[I]f a municipal officer has authority to establish final municipal policy and makes a decision or orders a course of action, the municipality may be held liable for the officer's decision or order." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-82 (1986)). However, Plaintiff must still allege the policy or custom that the policymaker is alleged to have carried out in violation of Plaintiff's rights, which Plaintiff has failed to do. *See Deville*, 567 F.3d at 170. It is not clear from the amended complaint what policy or action the police department is accused of taking that deprived Plaintiff of any

constitutional rights. "Generally, a plaintiff must identify a policy or custom that gave rise to the plaintiff's injury before he may prevail." *Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir. 2006) (citing *Canton v. Harris*, 489 U.S. 378, 389 (1989)).

Plaintiff also fails to identify, or even allege the existence of, a policymaker who is responsible for the police department's alleged unconstitutional policy, custom or practice. *See Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Nowhere in the amended complaint is a person or group of persons alleged to have been the final policymaker of the police department. There also is no allegation that any final policymaker or policymaking body adopted an unconstitutional policy or practice which resulted from the decision or acquiescence of the policymaker. Furthermore, Plaintiff has not alleged facts from which a reasonable inference arises that any policy or custom of the police department was the moving force behind the harm allegedly perpetrated upon Plaintiff. Based on the foregoing, the Court finds the Plaintiff's claims against the police department under 42 U.S.C. § 1983 should be dismissed.

Plaintiff's tort claims are barred by the Texas Tort Claim Act. Section 101.106(f) of the Texas Tort Claims Act provides that if suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment, and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. Tex. Civ. Prac. & Rem. Code § 101.106(f); *Franka v. Velasquez*, 332 S.W.3d 367, 369-85 (Tex. 2011). In *Franka*, the Texas Supreme Court explained that section 101.106(f) of the TTCA was intended to "foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka*, 332 S.W.3d at 381.

The Texas Supreme Court reasoned that in waiving governmental immunity for the governmental unit, "the Legislature correspondingly sought to discourage or prevent recovery against an employee." *Id.* at 384. Under the *Franka* rule, all tort claims, including intentional torts, "could have been brought" against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the TTCA for those claims. *Id.* at 385.

Section 101.106(e) provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). Thus, the filing of suit against a governmental unit under the Texas Tort Claims Act is an irrevocable election by Plaintiff that bars recovery against the individual employees over the same subject matter for state law claims. If, as here, suit is filed against both a governmental unit and its employee, the governmental unit may move to dismiss the state law claims against the employees. Tex. Civ. Prac. & Rem. Code § 101.106(e). Under this provision, the state law claims against Waters, in his individual capacity, should be dismissed.

Under the Texas Tort Claims Act ("TTCA"), "[a] Texas governmental unit is generally immune from tort liability unless the legislature has somehow waived immunity." *Forgan v. Howard Cnty., Texas*, 494 F.3d 518, 520 (5th Cir. 2007). The City is a "Governmental unit" as defined by the TTCA. Tex. Civ. Prac. & Rem. Code § 101.001(3)(B). The limited waiver of immunity under the TTCA creates liability for property damage, personal injury, or death caused by the wrongful act or omission or negligence of an employee acting within the scope of his

8

employment if the injury arises from the operation or use of a motor vehicle or motor-driven equipment and the employee would be personally liable to the claimant under Texas law. Tex. Civ. Prac. & Rem. Code § 101.021(1). The TTCA also waives immunity for personal injury and death caused by the use of personal or real property if the governmental unit would, were it a private person, be liable under Texas law. Tex. Civ. Prac. & Rem. Code § 101.021(2). Furthermore, the TTCA does not apply to claims arising out of an intentional tort. Tex. Civ. Prac. & Rem. Code § 101.057(2); *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009). "Also excluded from the TTCA are allegations against a governmental unit arising out of the same conduct that formed the basis of the intentional tort claims against its employee." *Goodman*, 571 F.3d at 394 (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001)). "The TTCA is also not the appropriate vehicle for claims of negligent failure to train or supervise." *Id*. "Such claims are not within the purview of the TTCA because a plaintiff must allege an injury resulting from the condition or use of tangible personal or real property and information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualitites [sic]." *Goodman*, 571 F.3d at 394 (citing *Petta*, 44 S.W.2d at 580).

Plaintiff has failed to allege a state law claim that falls within the Defendant's limited waiver of governmental immunity. There are no allegations that his injuries and damages were caused by the use or operation of a motor-driven vehicle or the use or condition of tangible personal or real property. *See* Tex. Civ. Prac. & Rem. Code § 101.021. Moreover, any state law that is considered an intentional tort should also be dismissed. Thus, the police department Defendant is immune from

all state law claims asserted by Plaintiff, and he has failed to assert a plausible state law claim.

The Court has reviewed the motion to dismiss and finds that Defendants' motion to dismiss should be granted. Plaintiff fails to allege any facts that would make any of his claims plausible.

## CONCLUSION

It is ORDERED that Defendants' Third Motion to Dismiss (Dkt. #19) is hereby **GRANTED** and Plaintiff's case DISMISSED with prejudice.

**SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE